# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**OLD FLORIDA NATIONAL BANK,**

            **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-1992-Orl-28KRS**

**M/V ROMANCE,**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S AGREED MOTION FOR ENTRY OF STIPULATED JUDGMENT FORECLOSING PREFERRED SHIP'S MORTGAGE (Doc. No. 32)**
>
> **FILED:** February 14, 2012

**I.    PROCEDURAL HISTORY.**

      Plaintiff Old Florida National Bank ("Bank") holds a preferred ship mortgage secured by a lien against Defendant M/V Romance. The Bank perfected its lien by recording the mortgage with the national vessel documentation center on November 28, 2000. As of December 14, 2011, Romance Cruise, the owner of the M/V Romance, owed the Bank the principal sum of

$779,758.06, interest of $3,631.75, late fees of $3,071.36, and interest accruing at the daily rate of $106.82. Doc. No. 1, Verified Complaint.

Intervening Plaintiff Southern Dry Dock, Inc. ("Southern Drydock") provided necessaries to the M/V Romance in the form of labor, material and storage from November 2011 through January 2012. Southern Drydock has demanded that the owner of the M/V Romance pay for these services in the amount of $160,200.84, but the owner has not done so. Therefore, Southern Drydock has a maritime lien against the M/V Romance. Doc. No. 22, Amended Verified Complaint in Intervention.

The M/V Romance has been arrested by the United States Marshals Service pursuant to a Warrant of Arrest *In Rem* issued by the Clerk of Court. Doc. No. 18. The M/V Romance appeared through counsel and answered the Bank's complaint. Doc. No. 16. Its response to Southern Drydock's complaint is not yet due.

The parties have reached an agreement for the entry of a stipulated judgment foreclosing the Bank's preferred ship mortgage and finding, based on calculations made as of January 27, 2012, that the Bank is owed $795,404.43, plus accruing interest. Doc. Nos. 25 and 28. Southern Drydock consents to the entry of the proposed Consent Judgment. Doc. No. 30. No other claims to the M/V Romance have been filed. The parties also agreed to entry of an Order Directing Final Sale of the Vessel, with said sale to take place no sooner than fourteen days after entry of the judgment. *See* Local Admiralty Rule 7.05(p)(1).

**II. ANALYSIS.**

"The Ship Mortgage Act provided a means through which vessel mortgages could be given a preferred status and could be enforced in admiralty." *Dietrich v. Key Bank, N.A.*, 72 F.3d

1509, 1513 (11th Cir. 1996).  Pursuant to 46 U.S.C. § 31322(a), a preferred mortgage is a mortgage that includes the whole of the vessel; is filed in substantial compliance with 46 U.S.C. § 31321; and covers a documented vessel.  Section 31321 requires that the mortgage be filed with the Secretary of Transportation in the manner required by that statute.  *See In re M/V D'Cree*, No. 8:09-cv-2279-T-23AEP, 2011 WL 722769 (M.D. Fla. Feb. 23, 2011).

The attachments to the Bank's verified complaint establish that Bank's First Preferred Ship Mortgage includes the whole of the M/V Romance, the mortgage has been filed in substantial compliance with § 31321, and that the M/V Romance is a documented vessel.  Doc. No. 1-1.  The owner of the M/V Romance concedes that the Bank is entitled to recover the sums set forth in the proposed final judgment.  Doc. No. 25 at 2.  Southern Drydock does not contend that it has a preferred maritime lien which might have priority over the preferred ship mortgage held by the Bank.  Doc. No. 25 at 4.

### III.    RECOMMENDATION.

Because all of the requirements of the governing statutes and local rules have been satisfied, and the parties agree to entry of a final judgment and order of sale, I **respectfully recommend** that the Plaintiff's Agreed Motion for Entry of Stipulated Judgment Foreclosing Preferred Ship's Mortgage (Doc. No. 32) be **GRANTED**.  I further **recommend** that the Court require the parties to submit a proposed Final Judgment *In Rem* with calculations of the amount owed that are current as of a date set by the Court, *see* Doc. No. 25-1, and that the Court enter an

Order Directing Final Sale of Defendant Vessel, which sale must occur no sooner than 14 days after entry of the final judgment, *see* Doc. No. 25-2.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The parties may expedite resolution of this Report and Recommendation by promptly filing a notice that they do not object to the Recommendation contained herein.**

Recommended in Orlando, Florida on February 21, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy